```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| VAN DOUGLAS, | CIVIL ACTION NO. 05-3252 (MLC) |
|     Plaintiff, |  |
| v. | **MEMORANDUM OPINION** |
| SGT. MULLER, et al., |  |
|     Defendants. |  |

**THIS MATTER ARISES** on the in-forma-pauperis application ("application") of a non-prisoner plaintiff who appears pro se. (Applic.) See 28 U.S.C. § 1915. The Court must address the application before reviewing the complaint's sufficiency. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The Court intends to grant the application.

**THIS IS** an action against defendants listed as "Sgt. Muller & R. Maruco," and "Alice & Doscore Ware." (Compl.) The Court must (1) screen a complaint accompanying an application before it is docketed, and (2) dismiss it sua sponte if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). See Mariani v. United States, 212 F.3d 761, 769 (3d Cir. 2000).

**THE COMPLAINT** states — in full — the following:

> Jurisdiction: Civil law suit.
> Cause of Action: false arrest, incarcerated for 3 mos., lost wages & lost [sic] of apartment.

(Compl.)

**THE COMPLAINT** fails to allege (1) the specific federal law forming the basis for jurisdiction, (2) dates for the occurrences underlying the purported causes of action, or (3) any details as to those occurrences. See Chatman v. Allegheny Cty., No. 05-2050, slip op. at 3 (3d Cir. June 28, 2005) (stating district court properly dismissed complaint for same). The mere possibility of federal issues being involved will not give rise to federal jurisdiction. See Fran. Tax Bd. v. Constr. Lab. Vac. Tr., 463 U.S. 1, 9-12 (1983).

**THE COURT** cannot discern whether federal law "creates the cause of action" as to these purported claims. Id. at 27-28. See Blum v. Seiler Corp., No. 92-2317, 1992 WL 177021, at *2 (E.D. Pa. July 17, 1992) (granting motion to dismiss because plaintiff failed to clarify basis for federal jurisdiction). The Court concludes the complaint fails to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests," and thus fails to conform to the Federal Rules of Civil Procedure. Conley v. Gibson, 355 U.S. 41, 47 (1957). See Fed.R.Civ.P. 8(a).[1] The complaint will be dismissed because it is frivolous and fails to state a claim on which relief may be

---

[1] Rule 8(a) requires that a complaint contain short and plain statements of "the grounds upon which the court's jurisdiction depends" and "the claim showing that the pleader is entitled to relief."

granted.  See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).  The Court will issue an appropriate order and judgment.

                                                    s/ Mary L. Cooper
                                                  **MARY L. COOPER**
                                                  United States District Judge